**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**JENNIFER LEE HARRIS**                                                                                   **PLAINTIFF**

v.                                         No. 3:15-CV-00250-JTK

**CAROLYN W. COLVIN,**
Acting Commissioner,
**Social Security Administration**                                                                    **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Jennifer Harris applied for Social Security disability benefits with an alleged onset date of April 15, 2011. (R. at 57). The administrative law judge (ALJ) denied Harris's applications, and the Appeals Council declined to review the decision. (R. at 1). Harris has requested judicial review of the ALJ's decision, which now stands as the Commissioner's final decision. The parties have consented to the jurisdiction of the Magistrate Judge.

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.      The Commissioner's Decision**

The ALJ determined that Harris had the severe impairments of fibromyalgia, lupus, carpal tunnel syndrome, and restless leg syndrome. (R. at 16). The ALJ found that Harris had the residual functional capacity to perform light work except that she must avoid concentrated exposure to extreme heat and sunlight and can only use her hands to handle and finger frequently. (R. at 18).

After receiving testimony from a vocational expert (VE), the ALJ found that Harris could return to past relevant work as a retail sales clerk. (R. at 21). The ALJ thus found Harris to not be disabled at step 4 of the five step evaluative process. (R. at 21).

**II.     Discussion**

Harris argues that substantial evidence does not support the Commissioner's decision. She contends that the ALJ erred in failing to give the appropriate weight to a treating physician's opinion and in finding that opinion inconsistent with other evidence in the record. She also maintains that the Appeals Council failed to consider new and material evidence.

It is the duty of the Court to determine whether substantial evidence on the record as a whole supports the ALJ's decision. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" is evidence that a reasonable mind would find sufficient to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Reversal is not warranted merely because substantial evidence exists to support a contrary conclusion. *Long*, 108 F.3d at 187. The Court must conduct a "scrutinizing analysis" by evaluating in detail all the evidence used in making the decision and how any contradictory evidence balances out. *Wilcutts v. Apfel*, 143 F.3d 1134, 1136 (8th Cir. 1998). "In short, a reviewing court should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record." *Id.*

Harris's rheumatologist opined that Harris could lift and/or carry no more than 10 pounds. (R. at 330–31). The ALJ gave this opinion reduced weight because the ALJ believed it to be inconsistent with statements that Harris made regarding "lifting furniture as recently as January 2014," as well as with normal EMG findings. (R. at 19). Harris maintains that the ALJ should have given greater weight to the rheumatologist's opinion and that the ALJ incorrectly found the opinion inconsistent with the other evidence in the record.

In general, a treating physician's opinion regarding a claimant's impairment is entitled to controlling weight, as long as it is "well-supported by medically acceptable clinical and diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). Whatever weight the ALJ gives the opinion, the ALJ must give good reason for assigning that weight. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008).

In the decision, the ALJ referred multiple times to statements that indicated that Harris had been moving furniture in January of 2014. (R. at 18, 19, 20). This appears to relate to treatment records from a treating physician who examined Harris for wrist pain. (R. at 372). However, the records clearly indicate that the pain began from moving in October of 2012. (R. at 369). The records indicate that moving furniture precipitated the pain, but they also state that the pain had been persisting for "at least a year and a half." (R. at 372). The ALJ seemingly assumed that Harris's pain began in January 2014 because the treatment date was in January 2014. (R. at 372). As the assessment from Harris's rheumatologist was given in March of 2013—well after the onset of the pain—the ALJ's reliance on these records to show an inconsistency with the medical assessment was in error.

Furthermore, the assessment related to Harris's fibromyalgia, but the ALJ found the assessment inconsistent with normal EMG findings. (R. at 361–62). *The Merck Manual* indicates that diagnosis of fibromyalgia is based upon pain at specific tender points and a history of widespread pain. *The Merck Manual*, 376 (Robert S. Porter et al, eds., 19th ed. 2011). No confirming diagnostic tests exist, and the Eighth Circuit has reversed where an ALJ found that fibromyalgia was not substantiated by objective

medical testing. *Garza v. Barnhart*, 397 F.3d 1087, 1089 (8th Cir. 2005). The normal EMG findings are not inconsistent with Harris's complaints.

The rheumatologist also suggested that Harris practice aquatic therapy and yoga. (R. at 375). The ALJ interpreted this recommendation as an indication that Harris retained the ability to work. (R. at 18, 20). This course of treatment is consistent with that recommended by *The Merck Manual* for fibromyalgia, which includes stretching and aerobic exercise to alleviate symptoms. *The Merck Manual*, 376. Recommendations of therapeutic exercise do not indicate that a claimant can maintain such efforts on a sustained basis. *Brosnahan v. Barnhart*, 336 F.3d 671, 678 (8th Cir. 2003).

Harris also contends that additional evidence should be considered. Harris notes that the Appeals Council did not review some evidence submitted to it based on the mistaken belief that the evidence concerned a period after the ALJ's decision. The Notice of Appeals Council Action confirms this misunderstanding. (R. at 2).

This Court does not have jurisdiction to review the decision of the Appeals Council, as such decisions are not final agency actions. *Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995). The Court's duty is to determine whether substantial evidence on the record as a whole supports the ALJ's decision, including any new material evidence. *Id.* "If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Additional evidence must be more than merely cumulative of other evidence in the record to be considered "new," and it is not "material" if it merely details conditions that are acquired or deteriorate after the ALJ's decision. *Bergman v. Apfel*, 207 F.3d 1065, 1069–70 (8th Cir. 2000).

The additional records that Harris refers to concern treatment dates from as early as January 10, 2014 and as late as October 27, 2014. (R. at 380–449). The ALJ's decision was issued on September 5, 2014. (R. at 21). The records deal with various additional treatments that Harris received. This includes diagnostic testing showing a triangular fibrocartilage tear in Harris's left wrist. (R. at 413–17). Those records concerning treatment dates preceding the issuance of the ALJ's decision should have been considered. Records of treatments and examinations after September 5, 2014 were properly not considered. Properly excluded records include chiropractic care records for September 10, 2014; a second medical source statement from Harris's rheumatologist, dated October 27, 2014; and treatment records from October 23, 2014. (R. at 420–21, 440–49). All of the other records submitted to the Appeals Council should be considered on remand.

The ALJ's decision is not supported by substantial evidence on the record as a whole. The opinion of Harris's rheumatologist is entitled to greater weight, and the additional records concerning treatment dates prior to September 5, 2014 provided by Harris should be considered.

### III.   Conclusion

The ALJ erred in giving only some weight to the medical assessment of Harris's rheumatologist. This case is therefore remanded to the Commissioner so that the assessment may be afforded the proper weight in determining Harris's RFC and so that the new evidence of treatment dates prior to September 5, 2014 may be properly considered.

It is so ordered this 8th  day of June, 2016.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE